U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 1 7 2002

CLERK, U.S. DISTRICT COURT

By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| SHARON INGRAM and KEN INGRAM §<br>*Plaintiffs* §<br>§<br>vs. §<br>§<br>§ CIVIL ACTION NO. _____<br>KATHY WHELCHEL §<br>and §<br>NORM LAMBERT §<br>*Defendants* § | **2-02CV-0022J** |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Sharon Ingram and Ken Ingram, ("Ingrams") Plaintiffs, complaining of

Kathy Whelchel and Norm Lambert, Defendants, and for cause of action would show the Court and

jury as follows:

**I
Parties**

Plaintiffs Sharon & Ken Ingram reside Raton, Colfax County, New Mexico.

Defendants Kathy Whelchel and Norm Lambert reside in or near Hutchinson County, Texas,

and each may be served with process herein at their place of employment, Golden Plains

Community Hospital, 200 S. McGee, Borger, Texas 79007.

**II
Jurisdiction**

3.      Jurisdiction of the United States District Court over Plaintiffs' cause of action against

the Defendants is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, in that Plaintiffs

are citizens of the State of New Mexico while each Defendant is a citizen of the State of Texas.  In

addition, Plaintiffs seek, and on trial of the cause will show themselves entitled to damages

1

exceeding the $75,000 statutory minimum.

### III
### Facts

Prior to the acts complained of here, Plaintiffs were employed by Golden Plains Community Hospital (Golden Plains); Ken Ingram, as a physical therapist, and Sharon Ingram as a nurse. On or about April 2001, Plaintiffs left their employment with Golden Plains and moved to Raton, New Mexico, where both took employment in the same fields in which they had worked in Borger.

During the period from April to October 2001, Plaintiff Ken Ingram made three telephone calls to Golden Plains. During the third call, placed on or about 15 October, 2001, Ken Ingram spoke to Defendant Kathy Whelchel, an employee of Golden Plains. This conversation related to a personal matter between the Ingrams and Whelchel. After that call, Defendant Whelchel, made slanderous comments about the Ingrams, including allegations of harassment, to all people within hearing distance of her.

On or about October 2001, during an open meeting of the Board of Directors of Golden Plains Defendant Norm Lambert, the CEO of Golden Plains, stated that the Plaintiffs were harassing hospital employees by making repeated telephone calls, as many as eight or nine in a single day according to Lambert's false account of Plaintiffs' contacts with their former place of employment. Defendant Lambert further claimed that Plaintiffs' actions were disrupting the productivity of the hospital with their calls. During the course of the same board meeting, Defendant Whelchel falslely stated that Plaintiff Ken Ingram had made threatening telephone calls to her at her home. Members of the Board have since repeated these comments to others. In addition to his false statements about the Ingrams to the Board of Directors, Defendant Lambert called the CEO of the Ingrams' new place of employment, and told him that the Ingrams were disruptive, engaged in harassment, and would

have a negative impact on Plaintiff's new employer's operations and efficiency.

## IV
## Causes of Action

1.  Defendant Whelchel's false statements to employees of Golden Plains Community Hospital that Plaintiffs were "harassing" her constitute defamation and are slanderous *per se* in that they impute conduct which, if true, would constitute a criminal offense under Texas law.

2.  Defendant Lambert's false statements to an open meeting of the Golden Plains Community Hospital Board of Directors that Plaintiffs were making "harassing" and "threatening" phone calls to the hospital were similarly slanderous *per se* as imputing criminal conduct to the Plaintiffs.

3.  Defendant Whelchel's false statements during the same meeting of the Golden Plains Community Hospital Board of Directors that Plaintiff Ken Ingram had made "threatening" phone calls to her home were similarly slanderous *per se* as imputing criminal conduct.

4.  Defendant Lamberts' false statements to the CEO of Plaintiff's new employer that Plaintiffs were disrupting operations at Golden Plains and that they would do likewise to their new employer were defamatory, and were intended by Lambert to interfere with or destroy Plaintiffs' business relationship with the new employer and prospective employers in the future.  These statements were made maliciously and without any good faith belief on the part of lambert that they were true.

5.  The defamatory statements by Defendants Lambert and Whelchel were intended by the Defendants to, and did inflict emotional distress on Plaintiffs.

## V
## Damages

As a result of the Defendants' unlawful conduct, Plaintiffs have suffered actual damages,

including lost income, mental anguish, pain and suffering, humiliation, loss of reputation and loss of enjoyment of life.

## VI
## Punitive Damages

The conduct of the Defendants as set forth above was intentional, extreme, and malicious. As such, Plaintiffs seek punitive damages in an amount not less than ten times the actual damages assessed by the fact finder.

## VII
## Jury Demand

COMES NOW the Plaintiff in the above-styled and numbered cause and demands a trial by jury of all issues and facts in this case.

## VIII
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that:

1.    The Court assume jurisdiction of this cause;

2.    The Court award Plaintiffs future lost earnings and benefits;

3.    Compensatory damages be ordered against the Defendants according to proof;

4.    The Court award Plaintiffs exemplary damages in an amount not less than ten times the amount of actual damages assessed by the fact finder;

6.    The Court award Plaintiffs post-judgment and pre-judgment interest as allowed by law; and

7.    Such other and further relief as the Court may find proper.

Respectfully submitted,

Law Offices of Alicia A. Wilde, P.C.
4113 Marathon Blvd.
Austin, Texas 78756
(512) 302-0400 Telephone
(512) 302-0439 Facsimile

**Alicia A. Wilde**
State Bar of Texas  # 0113350
ATTORNEY FOR PLAINTIFF